GEORGE CARDONA
Acting United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Office
JENNIFER WAIER
Assistant United States Attorney
California Bar Number:  209813
     411 West Fourth Street, 8th Floor
     Santa Ana, CA  92701
     Telephone:  (714) 338-3550
     Facsimile:  (714) 338-3708
     Jennifer.Waier@usdoj.gov

THOMAS PEREZ
Assistant Attorney General
Civil Rights Division
D. W. TUNNAGE
Civil Rights Division
Criminal Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. SA CR 08-251-DOC |
| PLAINTIFF, | ) | |
| V. | ) | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE** |
| TAN DUC NGUYEN, | ) | |
| DEFENDANT. | ) | DATE:   January 19, 2010 |
| | ) | TIME:   9:00 a.m. |

**OVERVIEW**

Defendant has moved this Court to issue an order suppressing certain evidence seized by state law enforcement agents, pursuant

to three search warrants that were issued by a magistrate judge of the Superior Court of California.

On October 26, 2006, Special Agent Shannon Williams of the California Department of Justice submitted an affidavit to a magistrate judge of the Superior Court of California for a warrant to search Defendant's home and campaign headquarters for the purpose of seizing property that was, inter alia, used as the means of committing a felony and tended to show that a felony had been committed. Specifically, Agent Williams was investigating the source of an intimidating, Spanish-language letter that had been mailed to registered voters in Orange County. In support of the affidavit for search warrant, Agent Williams executed a statement of probable cause that the drafting and sending of the letter constituted violations of Sections 18502 (interference with voters), 18540 (use of tactic of coercion or intimidation), and 18543 (challenging right to vote without probable cause) of the California Election Code.

The English translation of the letter, as Defendant acknowledges in his brief to this Court, advises the recipient:

> You are informed that if your residence in this country is illegal or if you are an immigrant, voting in a federal election is a crime that may result in imprisonment, and you will indeed be deported for voting without having the right to do so.

(See Def.'s Mot. at 5:16-20).

For the purposes of this response brief, the United States generally accepts the facts as Defendant presents them in his motion to suppress.

**ARGUMENT**

The challenged search warrants were issued based upon affidavits that provided the magistrate with a substantial basis for determining the existence of probable cause, and the state law enforcement agents' reliance upon those warrants to search Defendant's property and seize evidence was objectively reasonable. Consequently, the magistrate had probable cause to issue search warrants for Defendant's properties, and even if there was not, the good faith exception applies and the motion to suppress should be denied. See United States v. Leon, 468 U.S. 897, 925 (1984); United States v. Crews, 502 F.3d 1130, 1133 (9th Cir. 2007).

A. THERE WAS A SUBSTANTIAL BASIS FOR THE MAGISTRATE TO FIND PROBABLE CAUSE OF VIOLATIONS OF THE CALIFORNIA ELECTION CODE

It is settled law within he Ninth Circuit that "[a] magistrate judge's finding of probable cause is entitled to great deference and [the Ninth Circuit Court of Appeals] will not find a search warrant invalid if the magistrate judge had a substantial basis for concluding that the supporting affidavit established probable cause." United States v. Clark, 31 F.3d 831, 834 (9th Cir. 1994); See also, United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990) (observing that in "borderline

cases, preference will be accorded to warrants and to the decision of the magistrate issuing it").

In the present case, Agent Williams - - who has been a peace officer in the State of California for more than eleven years and spent at least four of those years conducting criminal investigations for the California Department of Justice - - swore out an affidavit and statement of probable cause that (1) described numerous complaints from citizens and community organizations who received the Spanish-language letter, (2) included a statement from the owner of a mass mailing service who acknowledged sending out 14,000 copies of the letter on behalf of a client known to him as Mark Lam, and (3) described a telephone conversation between Defendant Nguyen and the owner of the mailing service where Defendant requested that the mailing of the letters be expedited. The affidavit also included a copy of the Spanish-language letter and an unofficial translation of the letter.

As Defendant acknowledges in his brief, the letter advises the recipients that voting in this country is a federal crime if one is an immigrant. This assertion is untrue; there is no federal law that prohibits immigrants who have become naturalized citizens from voting. Indeed, the current Governor of California is an immigrant who has the right to vote as a naturalized citizen.

Section 18543 prohibits challenging a person's right to vote without probable cause and provides that every person "who

**fraudulently advises any person that he or she is not eligible to vote** . . . is punishable by imprisonment in county jail for not more than 12 months or in the state prison. [And] every person who conspires to violate [this provision] is guilty of a felony." CAL. ELEC. CODE § 18543 (1994)(emphasis added). The agent's affidavit presented evidence that numerous people received copies of the letter that asserted that immigrants are not allowed to vote, as well as evidence showing that Defendant was working in concert with other individuals to draft and disseminate the letter. Those facts establish a substantial basis for the magistrate to conclude that Agent Williams' affidavit established probable cause that the creation and dissemination of the letter constituted a violation of Section 18543 and that a search of Defendant's home and campaign office would reveal property that was used as a means of committing a felony and tends to show that a felony had been committed. See United States v. Crews, 502 F.3d 1130, 1136 (9th Cir. 2007)(holding that "[f]or probable cause, an affidavit must establish a reasonable nexus between the crime or evidence and the location to be searched"); See also United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 2007)(holding that "[i]t need only be reasonable to seek the evidence at the location indicated in the affidavit").

    Similarly, the agent's affidavit also established a substantial basis for the magistrate to find probable cause that the letter and its dissemination violated Section 18540, which prohibits intimidation with respect to voting. The letter warns

5

the recipients of the letter that there is a new computer system that the government of the United States allegedly implemented to verify the names of all new registered parties who vote in the elections of October and November 2006 and that organizations who are opposed to immigration might request information from the computer system.  The letter cites no authority for such claims, and in a copy of an email message that the agent provided to the state-court magistrate, Defendant concedes, "I don't know about the part that states a new government computer system."  (See Def.'s Mot., Ex. A, p. 10).

In rejecting a defendant's argument that the type of intimidation envisioned by the proscription of Section 18540 must be defined as "cowed, bulldozed, bullied and/or browbeaten," a California state appellate court observed,

> [w]e have learned in our modern, advertisement-oriented society that subtle manipulation and suggestion can be a forceful and effective form of influence on our actions.

Hardeman v. Thomas, 208 Cal. App.3d 153, 171 (1989).[1]  The Agent's affidavit included information relating to numerous people who complained to the state Attorney General that they had received the letter and were either threatened or intimidated by its content.  These facts, in light of the Hardeman court's interpretation of the breadth and scope of Section 18540's

---

[1] The court in Hardeman was interpreting Section 29630, which is the predecessor to Section 18540, and the language of the two sections is identical.

prohibition against voter intimidation also provided a substantial basis for the magistrate's finding of probable cause that crimes had been committed.

B. THE LAW ENFORCEMENT AGENTS' RELIANCE UPON THE SEARCH WARRANTS TO SEARCH DEFENDANT'S PROPERTY AND SEIZE EVIDENCE WAS OBJECTIVELY REASONABLE

As the Defendant concedes in his brief, the United States Supreme Court has ruled that

> reliable physical evidence sized by officers reasonably relying on a warrant issued by a detached and neutral magistrate leads to the conclusion that such evidence should be admissible in the prosecution's case in chief.

Untied States v. Leon, 468 U.S. 897, 913 (1984). The Supreme Court further ruled that the evidence seized pursuant to a search warrant will be admissible in the prosecution's case even if it is later determined that there was no probable cause for issuance of the search warrant.

In creating this "good faith exception for searches conducted pursuant to warrants," the Supreme Court explained that suppression "remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false." Id. at 925. Defendant, however, has presented no evidence that Agent Williams either provided false evidence in the affidavit or knew of any false evidence in the affidavit that was presented to the state court magistrate. Moreover, Defendant does not even contend that the affidavit contained any false evidence. Instead, defendant

seeks suppression based upon his contention that the magistrate erred in his probable cause finding.  Defendant cites no legal authority for the relief he seeks.

"In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could have not have harbored an objectively reasonable belief in the existence of probable cause."  Leon, 468 U.S. at 926.  As discussed in above, there was a substantial basis for the magistrate to find probable cause. It necessarily follows, therefore, that the police officer's reliance upon the state court magistrate's finding was reasonable.  Furthermore, as the Supreme Court observed, "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgement that the form of the warrant is technically sufficient."  Id. at 921. See also Stone v. Powell, 428 U.S. 465, 498 (1976)(commenting that "once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law") (Burger, C.J., concurring).

Pursuant to the Supreme Court's ruling in Leon, the Ninth Circuit has held that "if there is a colorable argument that the search [pursuant to a warrant] was supported by probable cause, the officer's reliance on the search warrant was objectively reasonable."  United States v. Crews, 502 F.3d 1130, 1136 (9th Cir. 2007).  In recognition of the low threshold it established

8

for applying the good faith exception (i.e., "affidavit must establish at least a colorable argument for probable cause"), the Ninth Circuit further explained that, "[t]his ends the inquiry without having to belabor the issue of whether the affidavit stated probable cause."  Id.

## CONCLUSION

The record in the present case clearly establishes that the magistrate had probable cause to issue search warrants for Defendant's properties.  Moreover, even if the magistrate's finding was in error, the good faith exception applies to the searches and seizures of property that were conducted pursuant to the search warrants.  Accordingly, the motion to suppress should be denied.

Dated: January 8, 2010          Respectfully submitted,


                                GEORGE CARDONA
                                Acting United States Attorney

                                ROBB C. ADKINS
                                Assistant United States Attorney
                                Chief, Santa Ana Office


                                _____/S/_____
                                JENNIFER WAIER
                                Assistant United States Attorney


                                THOMAS PEREZ
                                Assistant Attorney General
                                Civil Rights Division

                                D. W. TUNNAGE
                                Civil Rights Division