H. DEAN STEWARD
SBN 85317
107 Avenida Miramar
Ste. C
San Clemente, CA 92672
Telephone: (949) 481-4900
Facsimile: (949) 496-6753

Attorney for Defendant
TAN DUC NGUYEN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SA-CR-08-251-DOC |
| | ) |
| Plaintiff, | ) REPLY TO GOVERNMENT OPPOSITION |
| | ) TO MOTION TO SUPPRESS EVIDENCE |
| v. | ) |
| | ) |
| TAN DUC NGUYEN | ) Date: Jan. 19, 2010 |
| | ) Time: 9:00 AM |
| Defendant. | ) |

Comes now defendant Tan Duc Nguyen, together with counsel, and responds to the government's opposition to his motion to suppress evidence as follows.

Dated: 1-13-2010          S./ H. Dean Steward
                          H. Dean Steward
                          Counsel for Defendant
                          Tan Duc Nguyen

## I. THE GOVERNMENT MISSES THE MARK IN THEIR REPLY

At several junctures, the government reply falls short of answering the defense challenges. In order, they are:

### A. *THE CIRCUMSTANCES OF THE TRANSLATION*

Judge Makino, the issuing judge on the warrant, had two types of information before him in the lengthy law enforcement affidavit: a few lines of the letter in question itself, and then pages of information trying to connect the defendant to the letter.

The information on the Spanish language letter itself is critical, because it fails to establish that any crime had been committed. The judge had a copy of the letter itself (Ex. "D" in the original defense motion), and then an "unofficial translation" (p. 2 of Ex. "D"). The translation should have raised questions in the court's mind.

Who did the translation?
What was their background?
What was their expertise?
Were they court certified?
Were they bias?
Were they law enforcement?
Were they paid?
Why was the translation "unofficial" and what did that mean?
These question were vital because the affidavit depended on the accuracy of the translation.

For example, law enforcement later hired a professor from USC

2

to examine the letter, translate it and explain his translation. Mr. Roberto Ignacio Diaz highlighted the importance of the translation, and the controversy that later erupted over that translation. In deed, the State Attorney General's Office later affirmatively concluded that no crime had been committed, and no state charges were ever filed.

B. THE WORD 'EMIGRADO'

According to the California Constitution: A United States **citizen** 18 years of age and resident in this state may vote. Cal.Const. Art. 2, §2 (emphasis added).  Under 8 U.S.C.A. §1101(a)(3) an "alien" means any person not a citizen or national of the United States.  A Washington State Court further explained:

> The critical attribute which distinguishes a citizen from an alien is that the citizen possesses political rights, including the right to vote, to hold elective office, and to serve as a juror, as distinct from private or civil rights held by both aliens and citizens, such as the right to hold property and to receive public assistance.

*Herriot v. City of Seattle*, 500 P.2d 101, 109-110 (1972) quoting Stout, *Privileges and Immunities of National Citizenship and Suffrage in the States*, 14 U.Pitt.L.Rev. 48, 69 (1952)..

In light of the Government's response, the definition of the word "emigrado" becomes of the utmost importance. The proper

3

translation of the word "emigrado" is emigrant. The letter specifically used the word "emigrado" instead of "inmigrante".[1] While usually interchangeable with the word "immigrant" the difference is important. According to the Mirriam-Webster dictionary, the definition of *emigrant* is:

> one who leaves their place of residence or country to live elsewhere.

From the same source, the definition of *immigrant* is:

> a person who comes to a country to take up permanent residence.

Under both state and federal law, a person must be a citizen in order to vote. While an immigrant may be a citizen, an emigrant by definition is not. Since the proper translation of the letter states:"[I]f your residence in this country is illegal or if you are an **emigrant**..." there was no violation of any penal code, and no crimes committed. Therefore, there was no probable cause to search Mr. Nguyen's residence or campaign headquarters.

*C. AGENT WILLIAMS TOOK OVER THE JUDICIAL DETERMINATION REGARDING PROBABLE CAUSE*

Rather than allow the Superior Court judge to review the

---

[1] First, the translation of "inmigrante" is immigrant. Second, Mr. Nguyen provided the government with an email correspondence between Mr. Roger Rudman, campaign manager, and Mr. Robert Tapia, translator of the letter from the campaign. In that version the translation read: "However, if you are here illegally, or just a resident with a green card..." There were no versions other than the ones provided by the government that used the word 'immigrant'.

4

facts presented and make the determination regarding probable cause, Agent Williams took over the function:

> "I do not believe Tan Nguyen's denial that he knew nothing concerning..."
> *Bates 265*
>
> "His admission of the e-mail exchange...was selective and incomplete."
> *Id.*
>
> "I do not believe Tan Nguyen's statement about..."
> *Id.*
>
> "It does not make sense that a Los Angeles police officer would..."
> *Id.*
>
> "Tan Nguyen's statement...does not make sense."
> *Id.*

The constitutitonal requirement is that an impartial magistrate review the facts as presented to determine probable cause. *Shadwick v. City of Tampa* 407 U.S. 345, 350 (1972). Here, agent Williams took over the function, rendering opinions and making credibility determinations, in violation of the impartial magistrate review.

*D. NO CONNECTION BETWEEN DEFENDANT AND LETTER*

While agent Williams tries mightily to connect defendant Tan Nguyen to the letter in question, a careful reading of her lenghty affidavit fails to make that connection.

II. *LEON* CASE

As articulated in *Leon*, and echoed by the government in their opposition, the "good faith" exception to the exclusionary rule allows the admission of evidence, despite the absence of probable cause, "when an officer acting with

5

objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. at 920; see also Moore, 968 F.2d at 222 ("The test of objective good faith is 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.' ") (quoting Leon, 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23)."

**"The exception, however, will not apply when, inter alia, the warrant application "is so lacking in indicia of probable cause as to render reliance upon it unreasonable." Moore, 968 F.2d at 222 (citing Leon, 468 U.S. at 923, 104 S.Ct. at 3420).** [emphasis added]

This is the precise position found here- any reasonable law enforcement officer would see that no crime was committed, and therefore, there can be no good faith.

III. Conclusion

For the reasons set out above, and those in the defense's initial motion, all items if evidence and the "fruit" there from must be suppressed.

Dated: 1-12-2010          <u>H. Dean Steward</u>
                          H. Dean Steward
                          Counsel for Defendant
                          Tan D. Nguyen

6

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age. My business address is 107 Avenida Miramar, Ste. C., San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on Jan. 13, 2010, service of the defendant's:

**RESPONSE TO GOVT OPPOSITION**

on the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Jennifer Waier**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on JAN. 13, 2010

s./ H. Dean Steward