GEORGE S. CARDONA
Acting United States Attorney
ROBB C. ADKINS
Assistant United States Attorney
Chief, Santa Ana Branch Office
JENNIFER L. WAIER
Assistant United States Attorney
California Bar Number:   209813
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3550
     Facsimile: (714) 338-3708
     E-mail:    jennifer.waier@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. SA CR 08-251-DOC |
| ) | |
| Plaintiff, ) | <u>EX PARTE APPLICATION FOR AN</u> |
| ) | <u>ORDER PERMITTING RELEASE OF</u> |
| v. ) | <u>GRAND JURY TRANSCRIPTS;</u> |
| ) | <u>MEMORANDUM OF POINTS AND</u> |
| TAN DUC NGUYEN, ) | <u>AUTHORITIES; DECLARATION OF</u> |
| ) | <u>JENNIFER L. WAIER</u> |
| Defendant. ) | |
| ) | |
| ) | |

     Plaintiff United States of America, through its attorney of record, the United States Attorney's Office for the Central District of California, hereby respectfully applies <u>ex</u> <u>parte</u> for an order pursuant to Federal Rule of Criminal Procedure 6(e), authorizing the government to provide defendant's counsel with copies of the grand jury testimony of witnesses whom the government may call at trial.

This application is necessitated by the disclosure provisions of the Jencks Act, 18 U.S.C. § 3500, and is based upon the attached memorandum of points and authorities, the declaration of Jennifer L. Waier, the files and records of this case, and on such other evidence as may be presented at any hearing on this application.

Dated: January 14, 2010

                              Respectfully submitted,
                              GEORGE S. CARDONA
                              Acting United States Attorney

                              ROBB C. ADKINS
                              Assistant United States Attorney
                              Chief, Santa Ana Branch Office

                              *Jennifer L. Waier*
                              JENNIFER L. WAIER
                              Assistant United States Attorney
                              Attorneys for Plaintiff
                              United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 6(e) of the Federal Rules of Criminal Procedure provides in pertinent part that:

> [A]n attorney for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules . . . Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may . . . be made –
>
> (i) when so directed by a court preliminarily to or in connection with a judicial proceeding . . .

The Court's power to order disclosure is discretionary and may be exercised upon a showing of need and a finding that disclosure is required by the ends of justice. <u>In re William H. Pflaumer & Sons, Inc.</u>, 53 F.R.D. 464, 470 (E.D.Pa. 1971); <u>see</u> <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958).

In <u>U.S. Industries, Inc. v. United States District Court</u>, 345 F.2d 18 (9th Cir. 1965), the Ninth Circuit observed that disclosure should be liberally allowed when the traditional policies underlying grand jury secrecy are no longer served. The court held that when the reasons for the policy of secrecy "do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking disclosures should not be required to demonstrate a large compelling need." <u>Id.</u> at 21.

The Ninth Circuit listed five policy considerations underlying the need for grand jury secrecy:

>(1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosures of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

Id. at 22 (quoting United States v. Amazon Ind. Chem. Corp., 55 F.2d 254 (D. Md. 1931)); accord Procter & Gamble Co., 356 U.S. at 681-82 n. 6.

In this case, the policy considerations requiring secrecy are inapplicable or apply, if at all, with little force.  The case has already been indicted.  See In re William H. Pflaumer & Sons, Inc., 53 F.R.D. at 470 (stating that "once a grand jury has concluded its work, the courts have, to some degree, relaxed the secrecy principle").  Disclosing the testimony of the witness before the grand jury, a government agent, does not implicate the other policy concerns in this case.  Moreover, disclosure of the grand jury testimony is in the interest of justice because it

4

1  will permit defendant's counsel to have <u>Jencks</u> material in
2  advance of trial pursuant to 18 U.S.C. § 3500.
3      Accordingly, the government moves this Court to issue an
4  order authorizing the government to provide defendant's counsel
5  with copies of the grand jury testimony of witnesses the
6  government may call at trial.