O

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>    v.<br><br>TAN DUC NGYUEN,<br><br>    Defendant(s).<br>_____ | CASE NO. SACR 08-251 DOC<br><br>**O R D E R GRANTING MOTION<br>FOR BILL OF PARTICULARS;<br>DENYING MOTION TO SUPPRESS** |

Before the Court are two motions brought by Defendant Tan Duc Nguyen ("Defendant" or "Nguyen"): (1) a Motion for Bill of Particulars (Dkt. 36); and (2) a Motion to Suppress (Dkt. 42). After considering the moving, opposing, and replying papers, as well as the parties' oral argument, the Court GRANTS the Motion for Bill of Particulars and DENIES the Motion to Dismiss.

**I.    Background**

On October 1, 2008, Nguyen was indicted to a single count of tampering with a witness, victim, or an informant under 18 U.S.C. § 1512(b)(3), which *inter alia* prohibits:

1  "misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the
2  communication to a law enforcement officer or judge of the United States of information relating
3  to the commission or possible commission of a Federal offense or a violation of conditions of
4  probation[,] supervised release, or parole, or release pending judicial proceedings."  In relevant
5  part, Nguyen is charged with misleading a California state investigator with the intent to obstruct
6  the discovery and transfer of information to federal investigators.

7  Nguyen is a one-time Republican Party candidate who unsuccessfully ran for
8  Congress in 2006 against incumbent Congresswoman Loretta Sanchez in California's 47th
9  Congressional district.  The instant charges arise out of a letter mailed to Hispanic-surnamed
10 registered voters in the 47th Congressional District in the State of California prior to the Fall
11 2006 Congressional elections.  *See* Dkt. 1.  The letter was apparently signed by an individual
12 named Sergio Ramirez with a header indicating that its origin was an organization named the
13 California Coalition for Immigration Reform.  *See* Exhibit D to Motion to Dismiss.  California
14 state investigators discovered and translated the Spanish language letter, which purportedly
15 informs registered voters that:

16      This letter is been [sic] sent to you, because you were registered to
17      vote recently.  If you are a citizen of the United States, you are
18      kindly asked to participate in the democratic process of voting.
19      You are also being informed that if you are in ths country illegally or
20      if you are a legal resident, voting in a federal election is a crime,
21      which may result in incarceration, and you will indeed be deported
22      for voting, when you do not have the right to do so.
23      Also, you are being informed that the government of the United
24      States is implementing a new computer system, with which to verify
25      the names of all the new registered parties who vote in the coming
26      elections of October and November.  Organization [sic] who are
27      against immigration, might request information from this new
28      computer system.

2

1 | Unlike Mexico, there is no incentive for voting in this country.
2 | There is no voting registration card in the United States. Therefore,
3 | it is useless and dangerous to vote, in any election, if you are not a
4 | citizen of the United States.
5 | Do not mind any politician that tells you otherwise. Said politicians
6 | are only looking after their best interest. They only want to win the
7 | elections, with total disregard to what might happen to you.

*See id.*

October 25, 2006, Special Agent Shannon Williams with the Attorney General's Office for the state of California obtained a search warrant for Nguyen's two home addresses and campaign headquarters. *See* Exhibit A to Motion to Dismiss. Special Agent Williams' affidavit in support of her application for a search warrant stated that she was first alerted to the letters by several concerned voters on or about October 17, 2006. In response to voters' complaints and, out of concern that the sending of the letters could constitute a violation of California Election Code sections 18540 (use of threats to influence voting), 18502 (interference with an election), and 18543 (challenging a person's right to vote). Special Agent Williams proceeded to interview the chairperson and CEO of the California Coalition for Immigration Reform, the organization identified on the letters' letterhead and return mailing address, who denied knowledge of the letters and noted that the letterhead used by the letters was similar, but distinct, from letterhead used by her organization.

Special Agent Williams spoke with the operator of a mass mailing service based in Huntington Beach, CA, who acknowledged mailing the letters for a fee and directed her to Defendant. Special Agent Williams and another state investigator also spoke with an employee at a company that compiles lists of registered voters and the employee recounted Nguyen's interest in a list of registered Democrats and newly registered voters with Hispanic surnames who were located in the 47th Congressional District.

On October 19, 2006, Special Agent Williams interviewed Nguyen with Nguyen's attorney present. The audio recording of the interview is incomplete due to a technical

malfunction. In essence, Nguyen disclaimed direct responsibility for the dissemination of the letters but acknowledged prior knowledge of their existence. Nguyen informed Special Agent Williams that two individuals – one of whom was contributor to his campaign and another was a close friend – has likely mailed the letters without receiving the campaign's sanction. According to Special Agent Williams' affidavit, Nguyen acknowledged assisting in the dissemination of the letters (by arranging for their mailing with a mass mail service) but claimed that he never knew the actual contents of the letters he was helping to disseminate. In her affidavit, Special Agent Williams further notes that Nguyen's description of his prior exchange with the contributor to his campaign was "selective and incomplete" and "do[es] not make sense in context." The affidavit concludes by documenting Williams' belief that "there existed a conspiracy or agreement between [Nguyen], [his close friend], and perhaps other [sic] to draft, produce and mail out letters to the targeted Orange County voters to benefit [Nguyen's] Congressional campaign by discouraging a discreet and perceived vulnerable set of potential voters who would be expected to favor his Democratic opponent." In support of her belief, Special Agent Williams referenced an electronic mail exchange in which Nguyen submitted input as to the content of the letter in question.

       The search of Nguyen's campaign headquarters and residences was conducted to find indicia of any involvement in the letters' dissemination. After the search, two more warrants were issued on October 25, 2006, to search computers seized in the first search, and January 25, 2007 to search for e-mails from the computers. *See* Exhibits B&C to Motion to Suppress. To this Court's knowledge, Nguyen has not since been charged with any federal or state offense related to the mailing of the letters.

**B.    Discussion**

      **1.    Motion for Bill of Particulars**

       The indictment charges Nguyen with a violation of 18 U.S.C. § 1512(b)(3) on the basis that Nguyen "knowingly misled State of California investigators with the intent to hinder, delay, and prevent the communication to federal law enforcement officers of information relating to whether a letter mailed to Hispanic-surnamed registered voters in the 47th

Congressional District of the State of California regarding the November 2006 federal election violated federal election laws, including interfering with the federally protected right to vote in federal elections . . ." *See* Dkt. 1.

By his Motion for Bill of Particulars, Defendant seeks the identification of: (1) all state investigators Nguyen allegedly misled; (2) the time and content of all acts and statements made by Nguyen with the alleged intent to mislead state investigators and/or obstruct the communication of information to federal officers; (3) the federal nexus between Nguyen's alleged conduct and the state run investigation and specifically, any action taken by Nguyen that could constitute "obstruction of justice."

Under Rule 7(f) of the Federal Rules of Criminal Procedure, a district court may, in its discretion, order the government to provide a defendant with a bill of particulars. *See* Fed. R. Crim. P. 7(f). "A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense" and "[i]t is designed to apprise the defendant of the specific charges being presented to minimize the danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.*

The one and half page indictment that contains nothing but conclusory statements about Nguyen's alleged acts and intent does not inform Nguyen of the manner in which he misled state investigators about his role (if any) in the dissemination of the letters. Nor does it inform Nguyen of the manner in which his alleged acts were intended to mislead investigators as to the legality of the letters in question. In fact, the indictment does not even provide adequate information about how Nguyen's misrepresentations obstructed, or attempted to obstruct, the flow of information between state investigators and federal investigators. The Court nonetheless recognizes that a bill of particulars forces the government to fix a target against which Nguyen can focus his defense. Notwithstanding the curious decision to not charge Nguyen with the actual mailing of the letters in question, the Court recognizes that in obstruction of justice cases,

5

the Defendant very often possesses greater knowledge about the relevant facts than the government.  Thus, a bill of particulars may not only be premature and burdensome, but may be unnecessary in light of the fact that Defendant is well aware of the content of any statements he made to state investigators.

The government has argued that discovery subsequent to the indictment has put Defendant on adequate notice of the charges against him.  The Court has not had a chance to review all the discovery, but based on the limited exhibits attached to the briefing on this issue, maintains its concern that Defendant's right to prepare an adequate defense remains unrequited.  While the government need not senselessly narrow its allegations or take positions it is uncertain of, the government should, at least, identify the acts in question and link them to the statute Defendant is alleged to have violated.  Accordingly, Defendant's Motion for a Bill of Particulars is GRANTED with respect to all three categories.  The government shall submit a Bill of Particulars in compliance with requests identified by Defendant's Motion within twenty one (21) days of this order.

**2.    Motion to Suppress**

By his Motion to Suppress, Defendant requests the suppression of all items seized, and the "fruit" therefrom, of search warrants issued for Defendant's home and campaign headquarters on or about October 19, 2006.  In essence, the Motion to Suppress encompasses evidence seized as a result of the initial search warrant, as well as evidence obtained from the subsequent search warrants to search Nguyen's computers and the e-mail accounts located on those computers.

Defendant argues the underlying letter sent to registered voters with Hispanic surnames was not illegal and, in any event, constituted protected political speech under the First Amendment.  *See* Motion to Suppress at 5-7.  Thus, according to Defendant, the warrant could not have demonstrated probable cause because there was not a "fair probability that contraband or evidence of a crime" would be found in Nguyen's home or campaign headquarters.  *See id.* at 7 (citing *United States v. Rodriguez*, 860 F.2d 479, 484 (9th Cir. 1989)).  According to Defendant the letter "simply stated a legal truth, that it is illegal to vote if you are not legally

registered." *See* Motion to Suppress at 8:16-17.

"A magistrate judge's finding of probable cause is entitled to great deference." *United States v. Clark*, 31 F.3d 831, 834 (9th Cir. 1994). The affidavit in this case recounted a number of interviews, including an interview of the Defendant, attached as exhibits the letter in question as well an e-mail conversation in which Defendant acknowledged knowledge of the letters prior to their dissemination. Thus, there is little question that, if sending the letters was potentially illegal, there was sufficient probable cause to support a search warrant for Defendant's home and campaign headquarters. *See United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007) ("For probable cause, an affidavit must establish a reasonable nexus between the crime or evidence and the location to be searched."); *see also United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 2007). The only remaining question is whether there was no basis for a magistrate judge to conclude that the letter, in fact, violated California Election Code sections 18540, 18502, and/or 18543. The Court need not reach the issue of the letter's legality, but it admonishes Defendant for his statement that the letter "begins with the clear and indisputable message that U.S. citizens, *whether immigrants, emigrants, or any other type*" may vote. *See* Motion to Suppress at 6:5-7 (emphasis added). The letter includes no such flourish.

Having reviewed the California statutes and the translation of the letter in question (including Defendant's alternate translation), the Court finds that adequate probable cause supported the issuance of the search warrant. In any event, the physical evidence obtained from Special Agent Williams' search of Nguyen's residence and campaign headquarters, as well as subsequent searches of Nguyen's computers and e-mail accounts, are admissible pursuant to *United States v. Leon*, 468 U.S. 897, 913, 104 S.Ct. 3405 (1984) (holding that physical evidence seized pursuant to a lawful warrant that is later determined to lack probable cause is nonetheless admissible where the officers reasonably rely on the warrant). Having reviewed the facts and in light of counsels' arguments at the hearing on this matter, the Court disagrees with Defendant that the warrant was "so clearly lacking in probable cause that no well-trained officer could have thought that a warrant should issue." *See* Motion to Suppress at 8-9 (citing *Leon*, 468 U.S. at 923).

1  Accordingly, the Motion to Suppress is DENIED.

**C.  Disposition**

At the hearing on this matter, counsel for the government conceded that a significant portion of the audio recording of Special Agent Williams' interview of Defendant on October 19, 2006 is missing due to a technical malfunction. The Court is concerned with the unavailability of evidence important to the consideration and resolution of an 18 U.S.C. § 1512(b)(3) prosecution. Given the already sparse indictment, it is only reasonable that the government, having had months to prepare its case, apprise Defendant of the nature of the charges against him, so that he may prepare his case. Accordingly, the Motion for Bill of Particulars is GRANTED.

Adequate probable cause supported the issuance of the three search warrants that encompassed Nguyen's home, campaign headquarters, computers, and electronic mail accounts. Furthermore, law enforcement acted in good-faith reliance on the existence of probable cause when effectuating those search warrants. Accordingly, the Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED: January 25, 2010

_____
DAVID O. CARTER
United States District Judge

8